UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) FILE NO. 3:09-CV-0646 ) |
| Plaintiff | ) ) Judge Nixon ) |
| v. | ) ) Magistrate Judge Knowles ) |
| JOSE AGUILAR; JOSE A. GUTIERREZ, JR; JAMIE GUTIERREZ; MARTIN ROMO; MARTIN HECTOR SALAZAR; LAS CAZUELAS MEXICAN GRILL, INC.; LOS COMPRADRES MEXICAN RESTAURANT; LA TERRAZA MEXICAN RESTAURANT OF NASHBORO, INC.; and LA TERRAZA TAQUERIA, INC.; | ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

## AGREED ORDER
## OF PERMANENT INJUNCTION

This cause came on for consideration upon plaintiff's

motion and defendants Jose Aguilar; Jose A. Gutierrez, Jr.;

Jamie Gutierrez; Martin Romo; Martin Hector Salazar; Las

Cazuelas Mexican Grill, Inc.; Los Compradres Mexican Restaurant;

La Terraza Mexican Restaurant of Nashboro, Inc.; and La Terraza

Taqueria, Inc. consent to entry of this Order and Permanent Injunction, without further contest.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The parties hereby stipulate and this Court hereby finds that:

1. Defendants Las Cazuelas Mexican Grill, Inc., Jose Aguilar, Martin Romo and Jose A. Gutierrez, Jr. own and operate a Mexican restaurant located at 4114 Nolensville Road, Nashville, Tennessee 37211.

2. Defendants Los Compadres Mexican Restaurant, Jamie Gutierrez and Jose A. Gutierrez, Jr. own and operate a Mexican restaurant located at 510 West Main Street, Lebanon, Tennessee 37087.

3. Defendants La Terraza Taqueria, Inc., Martin Hector Salazar, Jose A. Gutierrez, Jr. and Martin Romo own and operate a Mexican restaurant located at 5751 Nolensville Road, Nashville, Tennessee 37211.

4. Defendants La Terraza Mexican Restaurant of Nashboro, Inc., Jamie Gutierrez, Jose A. Gutierrez, Jr. and Martin Hector Salazar own and operate a Mexican restaurant located at 2256 Murfreesboro Pike, Nashville, Tennessee 37217.

5. The four Mexican restaurants are located within the jurisdiction of this court and are subject to the statutory

Case 3:09-cv-00646   Document 11   Filed 09/18/09   Page 2 of 28 PageID #: 67

requirements of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.] (hereinafter referred to as the FLSA or the Act) and the related regulations.

6. Since February 2005, the defendants have engaged in related activities performed either through unified operation or common control for a common business purpose at the four Mexican restaurants and therefore constitute a "business enterprise" within the meaning of Section 3(r) of the FLSA [29 U.S.C. 203(r)]. The employees of the business enterprise have engaged in commerce or in the production of goods for commerce. The business enterprise has had an annual gross volume of over $500,000. Therefore, the business enterprise constitutes an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA [29 U.S.C. 203(s)(1)]. The enterprise and its employees were subject to Sections 6 and 7 of the FLSA.

7. Since February 2005, each of the defendants have suffered or permitted to work employees at the four Mexican restaurants located and doing business in Lebanon and Nashville, Tennessee and therefore have been "employers" within the meaning of Sections 3(d) and 3(g) of the FLSA [29 U.S.C. 203(d) and 203(g)].

Case 3:09-cv-00646   Document 11   Filed 09/18/09   Page 3 of 28 PageID #: 68

8.    The employees of the defendants have been and are engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b) and 3(j), respectively, of the FLSA [29 U.S.C. 203(b) and 203(j)].

9.    Since February 2005, the servers, cooks, kitchen staff, cashiers and other non-supervisory employees employed by the defendants at the four Mexican restaurants have been non-exempt employees under the 29 C.F.R. Part 541 regulations of the FLSA.

10.    The defendants are required to pay the employees minimum wages for all hours worked per workweek in accordance with section 6 of the FLSA [29 U.S.C. § 206] and overtime wages for all hours worked over 40 hours per workweek in accordance with section 7 of the FLSA [29 U.S.C. § 207];

11.    The plaintiff conducted an investigation of the employment practices of the defendants under the FLSA covering the period from February 2005 to February 2007. The defendants were not in compliance with the minimum wage, overtime wage, and recordkeeping provisions of Sections 6, 7, and 11 of the FLSA [29 U.S.C. 206, 207, 211, 215(a)(2), and 215(a)(5)].

12.    The defendants failed to pay proper minimum wages and overtime wages to employees and failed to accurately and

Case 3:09-cv-00646   Document 11   Filed 09/18/09   Page 4 of 28 PageID #: 69

fully record all employment records for employees including all hours worked by employees and all wages paid to employees.

13. The defendants submitted separate compliance agreements for each restaurant on July 16, 2007 to the Wage and Hour Division. Each agreement included the payment of backwages to certain non-exempt employees and the return of wage payment receipts to the Wage and Hour Division after the backwages were distributed.

14. The defendants failed to comply with the compliance agreements and failed to pay the backwages as agreed.

**INJUNCTION**

It is, therefore, ORDERED, ADJUDGED, and DECREED that each defendant, its agents, servants, employees and all persons in active concert or participation with it who receive actual notice hereof are permanently enjoined from violating the provisions of the FLSA, in any of the following manners:

1. Each defendant shall not, contrary to Section 6 and 15(a)(2) of the FLSA, [29 U.S.C. 206 and 215(a)(2)], employ any employees who are regularly engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, unless such

employees are compensated for such hours worked at the applicable minimum hourly rate.

2.    Each defendant shall not, contrary to Sections 7 and 15(a)(2) of the Act [29 U.S.C. §§ 207 and 215(a)(2)], employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a work week unless such employee is compensated for such hours at an overtime rate of at least one and one half times the regular rate at which such employee is employed or at such other rate as is allowed by regulation.

3.    Each defendant shall not, contrary to sections 11(c) and 15(a)(5) of the Act [29 U.S.C. §§ 211(c) and 215(a)(5)], fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation 29 C.F.R. § 516, including the recording of all hours worked by any hourly employee from the start of each employee's first principal activity of the workday, including time spent attending meetings and prior to and at the beginning of a scheduled shift while "engaged to wait;" and/or all deductions that are taken from the wages and tips of any employee; and all wages paid to employees.

It is FURTHER ORDERED that in order for each defendant to act in accordance with the FLSA compliance provisions of this Injunction, each defendant shall take the following actions:

1. Each defendant shall provide training to all management who work at a restaurant operated by the defendant concerning the application of the FLSA to: (1) employees who receive tips; (2) what constitutes compensable time; (3) deductions from employees' wages; and (4) employer recordkeeping requirements. This training shall include discussion and review of Fact Sheet Numbers 2, 15, 16, 21, and 22 (attached hereto and incorporated herein as Attachment "B"), which have been issued by the Wage and Hour Division, U. S. Department of Labor.

2. Each defendant shall install, maintain, and utilize electronic timekeeping equipment in each and every restaurant owned by each and every defendant in order to accurately and fully record all hours worked by all employees in compliance with the FLSA.

It is FURTHER ORDERED, ADJUDGED, and DECREED that Defendants Las Cazuelas Mexican Grill, Inc., Los Compadres Mexican Restaurant, La Terraza Taqueria, Inc., and La Terraza Mexican Restaurant of Nashboro, Inc. are jointly liable for and

hereby restrained from withholding payment of backwages in the total amount of $185,000 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached hereto in order to remedy the FLSA violations disclosed during the Wage and Hour investigation covering the period from February 2005 to February 2007.

It is FURTHER ORDERED that:

1. Defendant Jose Aguilar is individually liable for and hereby ordered to pay the gross amount of $37,000 of the $185,000 in backwages that are due;

2. Defendant Jamie Gutierrez is individually liable for hereby ordered to pay the gross amount of $37,000 of the $185,000 in backwages that are due;

3. Defendant Martin Romo is individually liable for and hereby ordered to pay the gross amount of $37,000 of the $185,000 in backwages that are due;

4. Defendant Martin Hector Salazar is individually liable for and hereby ordered to pay the gross amount of $37,000 of the $185,000 in backwages that are due; and

5. Defendant Jose Gutierrez is individually liable for and hereby ordered to pay the gross amount of $37,000 of the $185,000 in backwages that are due.

It is FURTHER ORDERED that in order for the defendants to comply with the backwage provisions of this Injunction, the defendants shall deliver to the plaintiff separates cashier's or certified check, or money order payable to "Wage and Hour Division--Labor," in four installments, as follows:

| AMOUNTS | PAYMENT ON OR BEFORE |
|---------|---------------------|
| $50,000 | October 1, 2009 |
| $45,000 | October 15, 2009 |
| $45,000 | April 15, 2010 |
| $45,000 | October 15, 2010 |

It is FURTHER ORDERED that plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to FICA, as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by plaintiff within the period of three (3) years after the date of this Order, because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the backwages paid hereunder.

It is FURTHER ORDERED that the defendants shall provide plaintiff with a schedule showing their employer I.D. numbers, the last-known address, the social security number, and the calculation for deductions of federal income taxes and employee contributions to FICA from the gross backwages as to each employee listed on Schedule "A."

It is FURTHER ORDERED that the defendants shall not directly or indirectly solicit or accept the return or refusal of any sum paid under this Agreed Order. Nor shall the defendants retaliate against any employee for any action taken by any employee in connection with the investigation or resolution of the claims asserted in this action, or for asserting any rights under this Consent Order. The defendants will not raise an employee's immigration status as a defense to the payment of backwages in any suit alleging such retaliation.

It is FURTHER ORDERED that the private rights, under the Act of any employee of the defendants not named or for periods of not stated in the Schedule "A," shall not be terminated or otherwise adversely affected by this proceeding.

It is FURTHER ORDERED that each party shall bear its own costs, fees (including attorney fees) and expenses as were incurred by it in connection with any stage of this case

including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Ordered and agreed this 7th day of September, 2009.

_____
U. S. DISTRICT JUDGE

The parties consent to entry of the foregoing Agreed Judgment and Order of Permanent Injunction:

By: _____
JOSE AGUILAR
Defendant/Individually and
As Representative of Defendant
Las Cazuelas Mexican Grill, Inc.

By: _____
JOSE A. GUTIERREZ
Defendant/Individually and
as Representative of Defendant
Los Compradres Mexican Restaurant

By: _____
JAMIE GUTIERREZ
Defendant/Individually and
as Representative of Defendant
La Terraza Mexican Restaurant
of Nashboro, Inc.

By: _____
MARTIN ROMO
Defendant/Individually and
as Representative of Defendant
La Terraza Taqueria, Inc.

By: _____
MARTIN HECTOR SALAZAR
Defendant/Individually and
as Representative of Defendant
La Terraza Taqueria, Inc.

CAROL A. DE DEO
Deputy Solicitor for
 National Operations

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

_____
BRIAN W. DOUGHERTY
Attorney
U. S. Department of Labor
Attorneys for the Plaintiff
Office of the Solicitor
618 Church Street, Suite 230
Nashville, TN  37219-2456
(615) 781-5330, Ext. 237
Fax No. (615) 781-5321
dougherty.brian@dol.gov

## SCHEDULE "A"

<u>Period Worked</u>: February 1, 2005 to February 1, 2007

| Employee | Backwages |
|---|---|
| Aguilar, Sergio | $1,690.97 |
| Alavarez, Raul | $3,979.04 |
| Avina-Correa, Daisey | $6,043.57 |
| Barajas, Maria C | $11,094.30 |
| Carrillo-Garcia, Nicole | $3,371.19 |
| Cruz, Panfilo | $1,225.29 |
| de La Rosa, Maria | $11,094.30 |
| Flores, Cristino | $7,596.49 |
| Flores, Gloria | $11,032.79 |
| Juarez, Elsa | $10,268.08 |
| Juarez, Luis | $5,493.50 |
| Martinez, Arturo | $3,658.80 |
| McDavitt, Marisela | $2,591.53 |
| Mendez, Alejandro | $2,002.84 |
| Montiel, Vanessa | $8,286.94 |
| Perez, Luis | $147.35 |
| Rojas, Eva | $10,420.49 |
| Espinosa, Norma | $2,035.03 |
| Garcia, Javier | $3,117.73 |
| Garcia, Salvador | $2,636.88 |
| Garcia-Mendez, Hilda | $8,606.03 |
| Lemos, Erik | $2,628.01 |
| Manriquez, Veronica | $2,494.43 |
| Martinez-Roque, Marina | $11,251.67 |
| Maximo, Juan | $2,378.37 |
| Medina, Nancy | $7,968.15 |
| Morales, Agustin | $1,063.51 |
| Olivares, Raul | $300.43 |
| Rodriguez, Rosa | $2,787.47 |
| Romo, Rosalva | $6,267.12 |
| Sandoval, Martin | $310.19 |
| Celedonia, Jose L | $2,866.92 |
| Degado, Carina | $242.03 |
| Gama, Marisela | $1,422.73 |
| Garcia, Jurmina | $530.00 |
| Garcia, Marilu | $3,036.31 |
| Gomez, Geraldo | $2,665.21 |
| Lara, Luis | $767.03 |
| Ocampo, Marisela | $552.57 |
| Ortiz, Luis | $7,726.67 |
| Ortiz, Virginia | $1,169.91 |
| Razo, Racquel | $232.90 |
| Rocha, Torio | $590.48 |
| Zaragoza, Armando | $4,354.75 |
| **Total** | **$180,000.00** |

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2009)

# Fact Sheet #2: Restaurants and Fast Food Establishments Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning the application of the FLSA to employees of restaurants and fast food establishments.

## Characteristics

The restaurant/fast food industry includes establishments which are primarily engaged in selling and serving to purchasers prepared food and beverages for consumption on or off the premises.

## Coverage

Restaurants/fast food businesses with annual gross sales from one or more establishments that total at least $500,000 are subject to the FLSA. Also, any person who works on or otherwise handles goods that are moving in interstate commerce is individually subject to the minimum wage and overtime protection of the FLSA. For example, a waitress or cashier who handles a credit card transaction would likely be subject to the Act.

## Requirements

Minimum Wage: Covered non-exempt workers are entitled to a federal minimum wage of not less than $7.25 per hour effective July 24, 2009. Wages are due on the regular payday for the pay period covered. Deductions made from wages for items such as cash shortages, required uniforms, or customer walk-outs are illegal if the deduction reduces the employee's wages below the minimum wage or cuts into overtime pay. Deductions made for items other than board, lodging, or other recognized facilities normally cannot be made in an overtime workweek. Tips may be considered as part of wages, but the employer must pay not less than $2.13 an hour in direct wages and make sure that the amount of tips received is enough to meet the remainder of the minimum wage.

Food Credit: The employer may take credit for food which is provided at cost. This typically is an hourly deduction from an employee's pay. However, the employer cannot take credit for discounts given employees on food (menu) prices.

Tips: Tipped employees are those who customarily and regularly receive more than $30 a month in tips. Employees must be informed in advance if the employer elects to use the tip credit, the amount of tip credit to be claimed, and the employer must be able to show that employees receive at least the applicable minimum wage when wages and tips are combined. Also, employees must retain all of their tips, except to the extent that they participate in a valid tip pooling or sharing arrangement.

Overtime: Overtime must be paid at a rate of at least one and one-half times the employee's regular rate of pay for each hour worked in excess of 40 hours per week. Tipped employees who receive $2.13 per hour in direct wages are also subject to overtime at one and one-half times the applicable minimum wage, not one and one-half times $2.13.

<u>Youth Minimum Wage</u>: The 1996 Amendments to the FLSA allow employers to pay a youth minimum wage of not less than $4.25 an hour to employees who are under 20 years of age during the first 90 consecutive calendar days after initial employment by their employer. The law contains certain protections for employees that prohibit employers from displacing any employee in order to hire someone at the youth minimum wage.

## Youth Employment

Youths 14 and 15 years old may work outside school hours in various non-hazardous jobs only under the following conditions: no more than 3 hours on a school day, 18 hours in a school week, 8 hours on a non-school day, or 40 hours in a non-school week. Also, work may not begin before 7 a.m., nor end after 7 p.m., except from June 1 through Labor Day, when evening hours are extended to 9 p.m. Permitted occupations for 14 and 15 year old employees include those such as cashier, office/clerical work, bagging orders, cleanup work, hand-cleaning vegetables, etc. Cooking and baking cannot generally be performed by minors under age 16.

Youths 16 and 17 years old may perform any non-hazardous job, for unlimited hours. Examples of equipment declared hazardous in restaurants include power-driven meat processing machines (saws, patty forming machines, grinding, chopping or slicing machines), commercial mixers, and certain power-driven bakery machines. Employees under 18 are not permitted to operate, feed, set-up, adjust, repair or clean such machines. Generally, no employee under 18 years of age may drive or serve as an outside-helper on a <u>motor vehicle</u> on a public road; but 17-year-olds who meet certain specific requirements may drive automobiles and trucks that do not exceed 6,000 pounds gross vehicle weight for limited amounts of time as part of their job. Such minors are, however, prohibited from making time sensitive deliveries (such as pizza deliveries or other trips where time is of essence) and from driving at night.

## Typical Problems

If uniforms are required by the employer the cost of the uniform is considered to be a business expense of the employer. If the employer requires the employee to bear the cost, such cost may not reduce the employee's wages below the <u>minimum wage</u> or cut into <u>overtime compensation</u>.

<u>Exemptions from Overtime</u>: Section 13(a)(1) of the FLSA provides an exemption from FLSA monetary requirements for an employee employed in a bona fide executive, administrative or professional capacity or as an outside salesperson. An employee will qualify for exemption if all pertinent tests relating to duties, responsibilities and salary, as set forth in Regulations, <u>29 CFR Part 541</u>, are met. The salary and duties tests for the exemptions are fully described in Regulations Part 541.

## Where to Obtain Additional Information

**For additional information, visit our Wage and Hour Division Website: <u>http://www.wagehour.dol.gov</u> and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

| | |
|---|---|
| **U.S. Department of Labor**<br>Frances Perkins Building<br>200 Constitution Avenue, NW<br>Washington, DC 20210 | **1-866-4-USWAGE**<br>TTY: 1-866-487-9243<br><u>**Contact Us**</u> |

# Wage and Hour Division (WHD)



To promote and achieve compliance with labor standards to protect and enhance the welfare of the nation's workforce.

## Hoja de Datos #2: Restaurantes y Establecimientos de Comida R-pida Bajo La Ley de Normas Razonables de Trabajo (FLSA — abreviatura en ingl-s)

Esta hoja de datos provee información general concerniente a la aplicación de la Ley de FLSA a empleados de restaurantes y de establecimientos de comida rápida.

### Características

La industria de restaurantes/comida rápida incluye establecimientos que primariamente se encuentran vendiendo y sirviendo a compradores comida preparada y bebidas para el consumo en el establecimiento o fuera de él.

### Alcance

Restaurantes/negocios de comida rápida con ventas anuales en bruto, de uno o más establecimientos, que suman por lo menos a $500,000 están sujetos a la Ley de FLSA. Además, cualquier persona que trabaje con, o que de alguna manera maneje, bienes que se muevan en el comercio interestatal está sujeta individualmente a la protección del salario mínimo y sobretiempo de la Ley. Por ejemplo, un camarero o cajero el cual esté en contacto con transacciones de tarjetas de crédito estaría sujeto, con toda probabilidad, a la Ley.

### Requisitos

Salario Mínimo: Todo empleado, no exento, bajo el alcance de la Ley, tiene derecho a un salario mínimo de -- $5.85 por hora, en vigor a partir del 24 de julio de 2007; $6.55 por hora, en vigor a partir del 24 de julio de 2008; y $7.25 por hora, en vigor a partir del 24 de julio de 2009. Los sueldos han de pagarse en el día de pago regular para el período de pago cubierto. Toda deducción hecha a los sueldos por artículos así como falta de dinero, uniformes requeridos, o salida sin pagar del cliente son ilegales si la deducción reduce el salario del empleado por debajo del salario mínimo o reduce el pago de sobretiempo. Deducciones hechas por artículos fuera del cuarto y la comida, o cualquier otra comodidad reconocida no se pueden llevar a cabo normalmente en una semana de sobretiempo. Las propinas se pueden considerar parte de los sueldos, empero,

el empleador tiene que pagar un mínimo de $2.13 por hora en salarios directos y asegurarse de que la cantidad de propinas recibida es suficiente para que sume al resto del salario mínimo.

Crédito por Comida: El empleador puede tomar un crédito por el costo de la comida proporcionada. Éste es típicamente una deducción por hora del pago del empleado. Sin embargo, el empleador no puede acreditarse por descuentos dados a empleados en los precios de la comida (menú).

Propinas: El empleado que recibe propinas es aquel que habitual y regularmente recibe más de $30 al mes en propinas. Al empleado se le ha de informar, por adelantado, si el empleador elige tomar el crédito por propina, la cantidad del crédito por propina que se va a declarar y el empleador ha de probar que el empleado recibe, por lo menos, el salario mínimo aplicable cuando se combinen los salarios con las propinas. Además, los empleados deberán quedarse con todas las propinas recibidas, a menos que participen en una válida distribución o acuerdo de agrupamientos de propinas entre todos los empleados.

Sobretiempo: Se ha de pagar sobretiempo según una tasa que sea por lo menos tiempo y medio de la tasa regular de pago por cada hora trabajada en exceso de 40 horas por semana. El empleado que reciba propinas y $2.13 por hora en salarios directos en efectivo, está también sujeto al sobretiempo de tiempo y medio del salario mínimo aplicable, no tiempo y medio de $2.13.

Salario Mínimo de Jóvenes: Las enmiendas a la Ley de FLSA le permiten a los empleadores pagar un salario mínimo de jóvenes de un mínimo de $4.25 por hora a empleados que tengan menos de 20 años de edad durante sus primeros 90 días sucesivos civiles después del empleo inicial por su empleador. La ley contiene ciertas protecciones para empleados que prohíben el desplazamiento de un empleado para poder contratar a alguien a base del salario mínimo para jóvenes.

**Empleo de Menores**

Jóvenes de 14 y 15 años de edad pueden trabajar fuera de horas escolares en varios trabajos no arriesgados sólo bajo las siguientes condiciones: a no exceder 3 horas en un día escolar, 18 horas en una semana escolar, 8 horas en un día no escolar, o 40 horas en una semana no escolar. Además, el trabajo no puede comenzar antes de las 7 de la mañana, o terminar después de las 7 de la tarde, salvo desde el primero de junio hasta el Día del Trabajo, cuando las horas de la tarde se extienden hasta las 9 de la noche. Las ocupaciones permitidas para empleados de 14 y 15 años de edad incluyen aquéllas como las de cajera, trabajo de oficina/secretaria, empaque de mercancía, trabajo de limpieza, lavado de verduras a mano, etc. Menores de 16 años de edad generalmente no pueden desempeñar trabajos cocinando o horneando.

Case 3:09-cv-00646   Document 11   Filed 09/18/09   Page 16 of 28 PageID #: 81

Jóvenes de 16 y 17 años de edad pueden desempeñar cualquier trabajo no arriesgado, sin límites sobre las horas. Ejemplos de equipo/maquinaria declarado/a arriesgado/a en restaurantes incluye maquinaria motorizada de preparar carnes (serruchos/sierras, maquinaria de hacer pastelillos de carne, moledoras, cortadora o cortafiambres), batidoras comerciales y cierta maquinaria motorizada de panaderías. No se les permite a los empleados menores de 18 que operen, introduzcan material, armen, ajusten, reparen o limpien dicha maquinaria. Por lo general, no se le permite a ningún empleado menor de 18 años que conduzca o sirva de ayudante afuera en un vehículo motorizado o en una vía pública; sin embargo, jóvenes de 17 años de edad que cumplan con ciertos requisitos específicos pueden conducir automóviles y camiones que no excedan 6,000 libras de peso bruto de vehículo por cantidades limitadas de tiempo como parte de sus trabajos. No obstante, a dichos menores se les prohíbe hacer repartos/entregas a domicilio con exigencies de tiempo (tal como repartos de pizza o cualquier otro viaje donde el tiempo sea esencial) y que conduzcan de noche. (Véase Hoja de Datos No. 34 http://www.dol.gov/esa/regs/compliance/whd/whdfs34.htm.)

## Problemas Típicos

Si el empleador exige uniformes, el costo de éstos se considera un gasto del negocio del empleador. Si el empleador exige que el empleado incurra el costo, tal costo no puede reducir los salarios del empleado por debajo del salario mínimo o reducir la compensación de sobretiempo.

Exenciones del Sobrepago: La Sección 13(a)(1) de la Ley de FLSA provee una exención de los requisitos monetarios de esta Ley para un empleado que desempeñe auténticamente un trabajo en una capacidad ejecutiva, administrativa o profesional o como viajante de ventas. El empleado calificará para la exención siempre y cuando cumpla con todas las pruebas pertinentes relacionadas a las obligaciones, responsabilidades y sueldo, fijadas en los Reglamentos, 29 CFR Parte 541. La prueba de sueldo y de obligaciones para las exenciones aparecen en su entero en Reglamentos Parte 541.

## Dónde se Puede Conseguir Información Adicional

Esta información se provee como información general y no se debe pensar que contiene el mismo peso que tendría una declaración oficial de postura contenida en los reglamentos. Ejemplares de publicaciones de la Sección de Horas y Sueldos se pueden obtener poniéndose en contacto con la sucursal más cercana a Ud. de la Sección que aparece en la mayoría de las guías telefónicas bajo U.S. Government, Department of Labor (Gobierno de EEUU, Departamento de Trabajo).



# Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning the application of the FLSA to employees who receive tips.

## Characteristics

Tipped employees are those who customarily and regularly receive more than $30 a month in tips. Tips actually received by tipped employees may be counted as wages for purposes of the FLSA, but the employer must pay not less than $2.13 an hour in direct wages.

## Requirements

If an employer elects to use the tip credit provision the employer must:

1) Inform each tipped employee about the tip credit allowance (including amount to be credited) before the credit is utilized.

2) Be able to show that the employee receives at least the minimum wage when direct wages and the tip credit allowance are combined.

3) Allow the tipped employee to retain all tips, whether or not the employer elects to take a tip credit for tips received, except to the extent the employee participates in a valid tip pooling arrangement.

If an employee's tips combined with the employer's direct wages of at least $2.13 an hour do not equal the minimum hourly wage of $7.25 per hour effective July 24, 2009; the employer must make up the difference.

Youth Minimum Wage: The 1996 Amendments to the FLSA allow employers to pay a youth minimum wage of not less that $4.25 an hour to employees who are under 20 years of age during the first 90 consecutive calendar days after initial employment by their employer. The law contains certain protections for employees that prohibit employers from displacing any employee in order to hire someone at the youth minimum wage.

Dual Jobs: When an employee is employed concurrently in both a tipped and a non-tipped occupation, the tip credit is available only for the hours spent in the tipped occupation. The Act permits an employer to take the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips, provided such duties are incidental to the regular duties and are generally assigned to such occupations. Where tipped employees are routinely assigned to maintenance, or where tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.

Retention of Tips: The law forbids any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee. Where an employer does not strictly observe the tip credit provisions of the Act, no tip credit may be

Case 3:09-cv-00646   Document 11   Filed 09/18/09   Page 18 of 28 PageID #: 83

claimed and the employees are entitled to receive the full cash minimum wage, in addition to retaining tips they may\should have received.

Service Charges: A compulsory charge for service, for example, 15 percent of the bill, is not a tip. Such charges are part of the employer's gross receipts. Where service charges are imposed and the employee receives no tips, the employer must pay the entire minimum wage and overtime required by the Act.

Tip Pooling: The requirement that an employee must retain all tips does not preclude a valid tip pooling or sharing arrangement among employees who customarily and regularly receive tips, such as waiters, waitresses, bellhops, counter personnel (who serve customers), busboys/girls and service bartenders. Tipped employees may not be required to share their tips with employees who have not customarily and regularly participated in tip pooling arrangements, such as dishwashers, cooks, chefs, and janitors. Only those tips that are in excess of tips used for the tip credit may be taken for a pool. Tipped employees cannot be required to contribute a greater percentage of their tips than is customary and reasonable.

Credit Cards: Where tips are charged on a credit card and the employer must pay the credit card company a percentage on each sale, then the employer may pay the employee the tip, less that percentage. This charge on the tip may not reduce the employee's wage below the required minimum wage. The amount due the employee must be paid no later than the regular pay day and may not be held while the employer is awaiting reimbursement from the credit card company.

**Typical Problems**

Minimum Wage Problems: Employee does not qualify as a "tipped employee", tips are not sufficient to make up difference between employer's direct wage obligation and the minimum wage; employee receives tips only -- so the full minimum wage is owed; illegal deductions for walk-outs, breakages and cash register shortages; and invalid tip pools.

Overtime Problems: Failure to pay overtime on the full minimum wage; failure to pay overtime on the regular rate including all service charges, commissions, bonuses and other remuneration.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**                                     **1-866-4-USWAGE**
Frances Perkins Building                                     TTY: 1-866-487-9243
200 Constitution Avenue, NW                                     **Contact Us**
Washington, DC 20210

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2008)

# Fact Sheet #21: Recordkeeping Requirements under the Fair Labor Standards Act (FLSA)

This fact sheet provides a summary of the FLSA's recordkeeping regulations, 29 CFR Part 516.

## Records To Be Kept By Employers

Highlights: The FLSA sets minimum wage, overtime pay, recordkeeping, and youth employment standards for employment subject to its provisions. Unless exempt, covered employees must be paid at least the minimum wage and not less than one and one-half times their regular rates of pay for overtime hours worked.

Posting: Employers must display an official poster outlining the provisions of the Act, available at no cost from local offices of the Wage and Hour Division and toll-free, by calling 1-866-4USWage (1-866-487-9243). This poster is also available electronically for downloading and printing at http://www.dol.gov/osbp/sbrefa/poster/main.htm.

What Records Are Required: Every covered employer must keep certain records for each non-exempt worker. The Act requires no particular form for the records, but does require that the records include certain identifying information about the employee and data about the hours worked and the wages earned. The law requires this information to be accurate. The following is a listing of the basic records that an employer must maintain:

1. Employee's full name and social security number.
2. Address, including zip code.
3. Birth date, if younger than 19.
4. Sex and occupation.
5. Time and day of week when employee's workweek begins.
6. Hours worked each day.
7. Total hours worked each workweek.
8. Basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework")
9. Regular hourly pay rate.
10. Total daily or weekly straight-time earnings.
11. Total overtime earnings for the workweek.
12. All additions to or deductions from the employee's wages.
13. Total wages paid each pay period.
14. Date of payment and the pay period covered by the payment.

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.

What About Timekeeping: Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

| DAY | DATE | IN | OUT | TOTAL HOURS |
|------|------|------|------|------|
| Sunday | 6/3/07 | -------- | -------- | -------- |
| Monday | 6/4/07 | 8:00am | 12:02pm | |
| | | 1:00pm | 5:03pm | 8 |
| Tuesday | 6/5/07 | 7:57am | 11:58am | |
| | | 1:00pm | 5:00pm | 8 |
| Wednesday | 6/6/07 | 8:02am | 12:10pm | |
| | | 1:06pm | 5:05pm | 8 |
| Thursday | 6/7/07 | -------- | -------- | -------- |
| Friday | 6/8/07 | -------- | -------- | -------- |
| Saturday | 6/9/07 | -------- | -------- | -------- |

**Total Workweek Hours:**       **24**

Employees on Fixed Schedules: Many employees work on a fixed schedule from which they seldom vary. The employer may keep a record showing the exact schedule of daily and weekly hours and merely indicate that the worker did follow the schedule. When a worker is on a job for a longer or shorter period of time than the schedule shows, the employer must record the number of hours the worker actually worked, on an exception basis.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-866-487-9243
**Contact Us**

Departamento De Trabajo de EEUU
Administración de Normas de Empleo
División de Horas y Salarios



(Octubre 2007)

## Hoja de datos #21: Requisitos para preservar los Registros conforme a la Ley de Normas Razonables de Trabajo (FLSA-abreviatura en inglés)

Esta hoja de datos proporciona un resumen de los Requisitos para preservar los Registros de la FLSA, 29 CFR Parte 516.

**Registros que deben mantener los empleadores.**

Temas Importantes: La Ley de Normas Razonables de trabajo, FLSA establece normas sobre salarios mínimos, pago de horas extras, preservación de registros y empleo de menores. A menos que sean exentos, a los empleados protegidos por esta ley, se les deberá pagar al menos el salario mínimo y no menos del equivalente a una hora y media de su tarifa habitual, por horas extras trabajadas.

Póster: Los empleadores deben exhibir un anuncio oficial que contenga las disposiciones de la Ley, disponible en forma gratuita en las oficinas locales de la División de Horas y Salarios, y comunicándose sin cargo al 1-866-4USWage (1-866-487-9243). Este póster también se puede descargar e imprimir por vía electrónica http://www.dol.gov/osbp/sbrefa/poster/main.htm

Registros Requeridos: Cada empleador cubierto por la ley, debe mantener ciertos registros para cada trabajador no exento. La Ley no exige un formulario especial para los registros, pero sí obliga a que los registros incluyan cierta información identificatoria del empleado y datos acerca de las horas trabajadas y los salarios percibidos. La ley exige que esta información sea precisa. A continuación, se enumeran los registros básicos que el empleador debe mantener:

1. Nombre completo y número de seguro social del empleado.
2. Domicilio, incluído el código postal.
3. Fecha de nacimiento, si es menor de 19 años.
4. Sexo y ocupación.
5. Hora y día de la semana en que comienza la semana laboral del empleado.
6. Horas trabajadas por día.
7. Total de horas trabajadas cada semana.
8. Bases sobre las que se pagan los salarios del empleado (por ejemplo, "$9 por hora", "$440 por semana", "a destajo")
9. Tarifa habitual por hora.
10. Total de remuneraciones diarias o semanales sin horas extras.
11. Total de remuneración de las horas extras por semana.
12. Todos los incrementos o deducciones realizadas en los salarios del empleado.
13. Salarios totales pagados en cada período.
14. Fecha de pago y período incluído en el pago.

¿Cómo mantener los registros de asistencia? Los empleadores pueden utilizar el método que elijan para controlar la asistencia. Por ejemplo, pueden utilizar un reloj registrador, tener una persona que registre las horas de trabajo del empleado, o solicitarles a sus trabajadores que anoten sus propios horarios en los registros. Se acepta cualquier plan de control de horarios, siempre que sea completo y preciso.

A continuación, se detalla un formato de control horario que los empleadores pueden adoptar, aunque no están obligados a hacerlo:

| DÍA | FECHA | INGRESO | SALIDA | TOTAL DE HORAS |
|-----|-------|---------|--------|----------------|
| Nombre del Empleado: | | | | |
| Domingo | 5/6/07 | | -------- | |
| Lunes | 5/7/07 | 8:00 | 12:02 | |
| | | 1:00 | 5:03 | 8 |
| Martes | 5/8/07 | 7:57 | 11:58 | |
| | | 1:00 | 5:00 | 8 |
| Miércoles | 5/9/07 | 8:02 | 12:10 | |
| | | 1:06 | 5:05 | 8 |
| Jueves | 5/10/07 | | -------- | |
| Viernes | 5/11/07 | | -------- | |
| Sábado | 5/12/07 | | -------- | |
| Total de horas semanales | | | | 24 |

Empleados con horarios fijos: Muchos empleados trabajan en un horario fijo que rara vez varía. El empleador puede llevar un registro que indique el horario exacto de horas diarias y semanales, y simplemente indicar que el trabajador cumplió el horario. Cuando un empleado trabaja más ó menos tiempo que el que indica el calendario de trabajo, el empleador debe registrar la cantidad de horas que el empleado realmente trabajó, como una excepción.

Tiempo que deben conservarse los registros: Cada empleador conservará durante al menos tres años los registros de pagos, los acuerdos de negociaciones colectivas, y los registros de ventas y de compras. Los registros sobre los cuales se basan los cálculos de los salarios deberán conservarse por dos años, por ejemplo,

tarjetas de horas de trabajo, boletas de trabajos a destajo, tablas de salarios y calendarios de trabajo y horas, y registros de incrementos o deducciones salariales. Estos registros deben estar a disposición de los representantes de la División para su inspección, quienes pueden solicitar al empleador que efectúe ampliaciones, cálculos o transcripciones. Los registros deben guardarse en el lugar de trabajo o en una oficina central de registros.

**Dónde obtener información adicional**

**Para mayor información, visite nuestro sitio web Horas y Salarios:** http://www.wagehour.dol.gov **o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto proveer información general y no deberá ser considerada del mismo tenor que las declaraciones oficiales expresadas en los Reglamentos. La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es proveer únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**                      **1-866-4-USWAGE**
Frances Perkins Building                               TTY: 1-877-889-5627
200 Constitution Avenue, NW                    Comuníquese con nosotros
Washington, DC 20210



# Fact Sheet #22: Hours Worked Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning what constitutes compensable time under the FLSA. The Act requires that employees must receive at least the minimum wage and may not be employed for more than 40 hours in a week without receiving at least one and one-half times their regular rates of pay for the overtime hours. The amount employees should receive cannot be determined without knowing the number of hours worked.

## Definition of "Employ"

By statutory definition the term "employ" includes "to suffer or permit to work." The workweek ordinarily includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place. "Workday", in general, means the period between the time on any particular day when such employee commences his/her "principal activity" and the time on that day at which he/she ceases such principal activity or activities. The workday may therefore be longer than the employee's scheduled shift, hours, tour of duty, or production line time.

## Application of Principles

Employees "Suffered or Permitted" to work: Work not requested but suffered or permitted to be performed is work time that must be paid for by the employer. For example, an employee may voluntarily continue to work at the end of the shift to finish an assigned task or to correct errors. The reason is immaterial. The hours are work time and are compensable.

**Waiting Time:** Whether waiting time is hours worked under the Act depends upon the particular circumstances. Generally, the facts may show that the employee was engaged to wait (which is work time) or the facts may show that the employee was waiting to be engaged (which is not work time). For example, a secretary who reads a book while waiting for dictation or a fireman who plays checkers while waiting for an alarm is working during such periods of inactivity. These employees have been "engaged to wait."

**On-Call Time:** An employee who is required to remain on call on the employer's premises is working while "on call." An employee who is required to remain on call at home, or who is allowed to leave a message where he/she can be reached, is not working (in most cases) while on call. Additional constraints on the employee's freedom could require this time to be compensated.

**Rest and Meal Periods:** Rest periods of short duration, usually 20 minutes or less, are common in industry (and promote the efficiency of the employee) and are customarily paid for as working time. These short periods must be counted as hours worked. Unauthorized extensions of authorized work breaks need not be counted as hours worked when the employer has expressly and unambiguously communicated to the employee that the authorized break may only last for a specific length of time, that any extension of the break is contrary to the employer's rules, and any extension of the break will be punished. Bona fide meal periods (typically 30 minutes or more) generally need not be compensated as work time. The employee must be completely relieved from duty for the purpose of eating regular meals. The employee is not relieved if he/she is required to perform any duties, whether active or inactive, while eating.

**Sleeping Time and Certain Other Activities:** An employee who is required to be on duty for less than 24 hours is working even though he/she is permitted to sleep or engage in other personal activities when not busy. An employee required to be on duty for 24 hours or more may agree with the employer to exclude from hours worked bona fide regularly scheduled sleeping periods of not more than 8 hours, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. No reduction is permitted unless at least 5 hours of sleep is taken.

**Lectures, Meetings and Training Programs:** Attendance at lectures, meetings, training programs and similar activities need not be counted as working time only if four criteria are met, namely: it is outside normal hours, it is voluntary, not job related, and no other work is concurrently performed.

**Travel Time:** The principles which apply in determining whether time spent in travel is compensable time depends upon the kind of travel involved.

**Home to Work Travel:** An employee who travels from home before the regular workday and returns to his/her home at the end of the workday is engaged in ordinary home to work travel, which is not work time.

**Home to Work on a Special One Day Assignment in Another City:** An employee who regularly works at a fixed location in one city is given a special one day assignment in another city and returns home the same day. The time spent in traveling to and returning from the other city is work time, except that the employer may deduct/not count that time the employee would normally spend commuting to the regular work site.

**Travel That is All in a Day's Work:** Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked.

**Travel Away from Home Community:** Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly work time when it cuts across the employee's workday. The time is not only hours worked on regular working days during normal working hours but also during corresponding hours on nonworking days. As an enforcement policy the Division will not consider as work time that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

### Typical Problems

Problems arise when employers fail to recognize and count certain hours worked as compensable hours. For example, an employee who remains at his/her desk while eating lunch and regularly answers the telephone and refers callers is working. This time must be counted and paid as compensable hours worked because the employee has not been completely relieved from duty.

### Where to Obtain Additional Information

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).** This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

U.S. Department of Labor

Frances Perkins Building

200 Constitution Avenue, NW

Washington, DC 20210

1-866-4-USWAGE

TTY: 1-866-487-9243

Contact Us

**Departamento De Trabajo de EEUU**
Administración de Normas de Empleo
División de Horas y Salarios



## Hoja de datos #22: Horas trabajadas de conformidad con las disposiciones de la Ley de Normas Razonables de Trabajo (FLSA-abreviatura en inglés)

Esta ficha técnica provee información general concerniente al tiempo considerado compensativo de acuerdo a las disposiciones de la FLSA. La ley exige que los empleados deben recibir por lo menos el salario mínimo, y no pueden ser empleados por más de 40 horas en una semana sin recibir, por lo menos, el equivalente de tiempo y medio de su tarifa regular de pago por las horas extras trabajadas. La suma que los empleados deben recibir no se puede establecer sin conocer la cantidad de horas trabajadas.

### Definición del término emplear"

Conforme a la definición legal, el término emplear" incluye "consentir o permitir que alguien trabaje". La semana laboral habitualmente incluye todo el tiempo que el empleado es requerido de permanecer en las instalaciones del empleador, en sus funciones o en un lugar de trabajo asignado. "Jornada laboral" en general designa el período entre la hora en que el empleado, en un día cualquiera, inicia su "actividad principal" y la hora de ese mismo día en la que dicha persona termina la actividad o actividades principales. La jornada laboral puede, por lo tanto, tener una duración mayor que los turnos, horas, período de servicio o tiempo de trabajo en la línea de producción programados.

### Aplicación de las normas

Empleados a quienes se "consiente o permite" que trabajen: Trabajo no solicitado pero que se consiente o permite que sea realizado son horas de trabajo que el empleador debe pagar. Por ejemplo, de manera voluntaria un empleado puede continuar trabajando al finalizar su turno para terminar una tarea asignada o corregir errores. El motivo no tiene importancia. Estas horas constituyen tiempo de trabajo y deben ser remuneradas.

**Tiempo de espera:** Para determinar si el tiempo de espera es considerado horas trabajadas dentro de la ley, depende de las circunstancias particulares. Generalmente, los hechos pueden demostrar que se contrató al empleado para que espere (lo que constituye tiempo de trabajo) o pueden demostrar que el empleado estaba esperando para ocuparse (lo que no constituye tiempo de trabajo). Por ejemplo, una secretaria que lee un libro mientras espera que le dicten o un bombero que juega a las damas mientras aguarda que suene la alarma están trabajando durante dichos períodos de inactividad. Estos trabajadores fueron "empleados para esperar".

**Tiempo de guardia:** Cuando un empleado debe permanecer de guardia en las instalaciones del empleador, está trabajando en "servicio de guardia". Cuando un empleado debe permanecer de guardia mientras está en su casa, o si es posible localizarlo dejando un mensaje, en la mayoría de los casos la persona no está trabajando mientras se encuentra de guardia. Restricciones adicionales de la libertad del empleado podrían requerir que dicho tiempo deba ser remunerado.

Case 3:09-cv-00646   Document 11   Filed 09/18/09   Page 27 of 28 PageID #: 92

de trabajo el tiempo empleado en viajar fuera de la casa, en horas fuera del horario normal de trabajo en calidad de pasajero de un avión, tren, barco, omnibus ó automóvil.

## Problemas típicos

Surgen problemas cuando los empleadores no reconocen ni contabilizan determinadas horas trabajadas como horas que deben recibir remuneración. Por ejemplo, el empleado que permanece en su escritorio mientras almuerza, atiende el teléfono normalmente y deriva llamadas está trabajando. Este tiempo debe ser contabilizado y pagado como horas remunerables porque el empleado no fue liberado totalmente de sus tareas.

## Dónde obtener información adicional

**Para mayor información, visite nuestro sitio web Horas y Salarios: http://www.wagehour.dol.gov o comuníquese llamando a nuestro servicio gratuito de información y asistencia Horas y Salarios, disponible de 8 a.m. a 5 p.m. en su zona horaria, 1-866-4USWAGE (1-866-487-9243).**

Esta publicación tiene por objeto brindar proveer información general y no deberá ser considerada del mismo tenor de las declaraciones oficiales expresadas en los Reglamentos. La presente ficha es parte de una serie de fichas técnicas que presentan los diferentes programas del Departamento de Trabajo de los EE. UU. El objetivo es proveer únicamente una descripción general y no tiene validez jurídica.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-877-889-5627
Comuníquese con nosotros